ORIGINAL

FILED
U.S. DISTRICT COURT

2008 FEB 11 PM 2: 17

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| LYNELLE DAVIS,<br><br>   Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>   Defendant. | CIVIL ACTION NO.: CV506-032 |

## ORDER

After an independent review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In her Objections, Plaintiff asserts the Administrate Law Judge ("ALJ") and the Magistrate Judge ignored the statement of Dr. Roberto Garcia dated April 5, 2005, which documents Plaintiff's financial problems, lack of insurance coverage, uncontrolled bowel movements, and the referral to her gastroenterologist. Plaintiff also asserts that neither the ALJ nor the Magistrate Judge reviewed Dr. Garcia's statement that she needed a colonoscopy to see if she had a recurrence of colon cancer, the condition which initially forced her bowel resection and resulted in her uncontrolled bowel movements. Finally, Plaintiff asserts the ALJ did not properly investigate her inability and failure to seek further medical care, including a recommended colonoscopy for her uncontrolled bowel movements.

AO 72A
(Rev. 8/82)

The undersigned notes Dr. Garcia's statement, dated September 15, 2005 (the day before the ALJ conducted the hearing), that Plaintiff complained of a change in bowel movement habits and abdominal pain and that she needed a follow-up colonoscopy. (Tr. at 301). However, the undersigned also notes Plaintiff's medical records dated April 5, 2005, that, even though she denied any change in her bowel movements or habits at that time, Dr. Garcia observed Plaintiff had not had her scheduled follow-up surveillance colonoscopy due to financial and social problems. Dr. Garcia stated he "readvised and encouraged" Plaintiff to go back to Dr. Sohail Choudri with a financial payment plan. (Tr. at 292). While the Court recognizes an ALJ cannot base his determination to discredit a treating physician's opinion on a claimant's inability to pay for medical treatment, this is not the situation before the Court. See Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003) (noting that a claimant's inability to pay for medical care is only an issue when an ALJ relied on a claimant's failure to obtain or comply with medical treatment as the sole reason for denying disability benefits). Rather, the ALJ found Plaintiff's subjective complaints of uncontrolled bowel movements not fully credible because these complaints were unsupported by any objective evidence of record. Dr. Garcia's statement that Plaintiff needed to have a follow-up colonoscopy, whether based on changes in Plaintiff's bowel habits or simply as a preventative measure, do not, *ipso facto*, render these statements to be objective medical findings. Based on the evidence before the Court, it does not appear Dr. Garcia's recommendation that Plaintiff needed a follow-up colonoscopy was dependent upon Plaintiff's report of a change in her bowel habits. In addition, Plaintiff had the burden of establishing she was disabled within the meaning of the Act, and there was

no attendant duty on the ALJ to produce evidence which did not exist. See Osborn v. Barnhart, 194 Fed. Appx. 654, 658 (11th Cir. 2006) (stating that a claimant has the burden of proving disability and is responsible for producing evidence to support that claim). Furthermore, the ALJ obtained the testimony of a vocational expert at the hearing, and the vocational expert stated that a hypothetical person who had to wear protection for incontinence problems could perform Plaintiff's past relevant work as a cashier, as this job is general performed in the national economy.

The Report and Recommendation of the Magistrate Judge, as supplemented herein, is adopted as the opinion of the Court. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is authorized and directed to enter the appropriate judgment of dismissal.

SO ORDERED, this 11th day of FEBRUARY, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA